## 11616

### STATE v. YOUNG *ET AL.*

#### (126 S. E., 445)

1. CRIMINAL LAW—EXCEPTION COMPLAINING OF TESTIMONY BECAUSE NOT THREAT CANNOT BE SUSTAINED WHERE TESTIMONY WAS OBJECTED TO BECAUSE IN NATURE OF THREAT.—Exception alleging error in admission of testimony as to statement because statement "not being in the nature of a threat was irrelevant" cannot be sustained, where testimony was objected to when introduced, because "it is in . the nature of a threat."

2. HOMICIDE—CHARGE MAKING DEFENDANTS GUILTY OF ASSAULT AND BATTERY WITH INTENT TO KILL, IF INJURY WAS INFLICTED "IN MALICE," HELD NOT ERRONEOUS.—In prosecution for assault and battery with intent to kill, charge authorizing jury to convict defendant, if injury was inflicted "in malice," *held* not erroneous as against contention that it eliminates essential element of intent.

3. CRIMINAL LAW—CHARGE MAKING DEFENDANTS GUILTY OF ASSAULT AND BATTERY WITH INTENT TO KILL, IF INJURY WAS INFLICTED IN MALICE, HELD NOT CHARGE OF FACTS.—In prosecution for assault and battery, with intent to kill, charge that "if the State has shown you beyond a reasonable doubt, first, that this injury was inflicted upon the prosecuting witness by these defendants at all, and that it was done in malice, then the defendants are guilty of an assault and battery with intent to kill," *held* not a charge on the facts, in violation of Const. Art. 5, § 26.

4. HOMICIDE—INSTRUCTION THAT DEFENDANTS WOULD BE GUILTY OF ASSAULT AND BATTERY, WITH INTENT TO KILL, IF THEY WOULD HAVE BEEN GUILTY OF MURDER IF PROSECUTING WITNESS HAD DIED HELD NOT ERRONEOUS.—In prosecution for assault and battery, with intent to kill, charge that defendants would be guilty of assault and battery with intent to kill if they would have been guilty of murder if prosecuting witness had died *held* not erroneous as against contention that it deprived defendants of benefit of abandoning the intent or attempt of their own accord before full execution, since nature of offense is fixed at time blow is struck, and is not changed by subsequent abandonment of attempt.

5. HOMICIDE—EVIDENCE HELD TO SUSTAIN VERDICT IN PROSECUTION FOR ASSAULT AND BATTERY, WITH INTENT TO KILL.—In prosecution for assault and battery with intent to kill, evidence that defendants struck and beat complaining witness with hatchet and piece of iron pipe *held* to sustain verdict as against motion for new trial.

6. CRIMINAL LAW—LAUGHTER BY AUDIENCE REBUKED BY PRESIDING JUDGE HELD NOT GROUND FOR NEW TRIAL.—Laughter by audience,

followed by stern warning and sharp rebuke by presiding judge, *held* not to warrant granting of new trial on ground that jurors were influenced thereby.

7. HOMICIDE—CHARGE ON SIMPLE ASSAULT AND BATTERY IN PROSECUTION FOR ASSAULT AND BATTERY WITH INTENT TO KILL HELD HARMLESS.— In prosecution for assault and battery, with intent to kill, involving issue as to whether injury on head and body of prosecuting witness had been caused by accidental fall down steps or had been inflicted by deadly weapons in hands of defendants, charge defining simple assault and battery if inaccurate, was harmless.

Before FEATHERSTONE, J., Laurens, June, 1924. Affirmed.

Mrs. Alice Young and Miss Emma Stroud were convicted of an offense, and they appeal.

During the trial and during examination of witnesses there was some laughter by the audience, composed mostly of women, and especially while Mr. Blackwell was arguing the case, when he referred to the fact that there were no scratches or bruises on the ironing board or chair, at which time there was a very emphatic, audible assent on the part of the audience to this point in his argument.

*Messrs. O. L. Long* and *W. B. Knight,* for appellants, cite: *Charge upon facts:* Art. V, Par. 26, Const. 1895. *Motion for continuance would have been useless:* 120 S. E., 719. *Fair trial:* 123 S. E., 201. *Assault and battery:* 3 Cyc., 1920; 1 Hill, 46; 98 S. C., 119; 5 C. J., 712.

*Mr. H. S. Blackwell, Solicitor,* and *Mr. Jas. W. Sullivan* for the State.

December 4, 1924.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

There are no agreed facts in this case, except that the prosecuting witness, Mrs. Katherine Young, was married to the son of one of the defendants, Mrs. Alice Young, and the nephew of the other defendant, Miss Stroud, and that Mrs. Katherine Young was seriously injured. It is very

manifest that there was no love lost between Mrs. Katherine Young, on the one side, and the defendants on the other side. Mrs. Katherine Young testified that she asked for the use of the ironing board to smooth out some washing she had done. She was told, with discourtesy, that Miss Stroud had to iron some napkins, and she could not get it until it suited Miss Stroud's convenience to iron the napkins; that she left the room and went upstairs to her room, and did other things until she was called to the 'phone; that she went to the 'phone, where she sat facing the wall; that just as soon as she hung up the receiver she was struck violently on the head by her mother-in-law with a piece of iron pipe; that Miss Stroud assisted Mrs. Alice Young, the defendant, in a most violent assault with a piece of iron pipe and a hatchet; that she was cut in the head and bruised about the body. The details of the encounter need not be stated further. It is enough to say that when a neighbor came in, followed by the husband of Mrs. Katherine Young, who had been summoned and who brought a doctor with him, they found Mrs. Katherine Young lying on the floor with cuts on her head and bruises on her body, and suffering with cold, and that she was carried to the hospital, where it was found necessary to treat her for some weeks.

When the friends arrived, the defendants stated and continued to affirm that they did not strike the young lady a single blow, but the injuries were caused by a fall down the steps, when the young Mrs. Young undertook to bring the ironing board down the steps; that the injuries were caused by the accidental fall down the steps. The jury believed the prosecuting witness, and did not believe the defendants, and convicted the defendants. The defendants were charged with assault and battery with intent to kill, but it nowhere appears in the case that they were convicted of assault and battery with intent to kill, but, waiving the rule, we will consider the case as if the defendants were convicted of the highest offense as charged.

I. The first exception complains of error and is as follows:

Mrs. Hern, a witness for the State, was asked:

"Q. Did you hear either of these defendants make any statement with reference to Mrs. Katherine Young before this difficulty—before this injury is alleged to have occurred? A. Yes, sir.

"Q. What was that statement?

"Mr. Knight: We object to that. It is in the nature of a threat.

"The Court: If it is in the nature of a threat, it is competent. It will have to be in the nature of a threat if it is competent. It will have to be something tending to show ill will. Go ahead.

"Q. What was that statement? A. Mrs. Elmore (Katherine) Young was going to the mountains, and Mrs. Alice Young said she hoped that the car would collide and jump 75 feet and kill her."

It will be seen that the objection was on the ground that the statement would contain a threat, and was, therefore, incompetent. The allegation of error in the first exception is "the error being that said testimony, not being in the nature of a threat, was irrelevant."

The objection to the testimony and the point raised by the exception are exactly opposite. The objection was as to what the testimony would be. There was no objection to the testimony as it was. This exception cannot be sustained.

II. The second and third exceptions will be considered together. They are:

"(2) It is respectfully submitted that the presiding Judge erred in charging the jury as follows: 'If the State has shown you beyond a reasonable doubt, first, that this injury was inflicted upon the prosecuting witness by these defendants at all, and that it was done in malice, then the defendants are guilty of an assault and battery, with intent to

kill, as charged in the indictment,' the error being that said
instruction does not contain a sound proposition of law, in
that it makes malice the sole determining element in the
offense, and completely eliminates the very essential ele-
ment of intent; the further error being that same is a charge
on the facts in violation of Article 5, Paragraph 26, of the
Constitution of the State of South Carolina of 1895.

"(3) It is respectfully submitted that the presiding Judge
erred in charging the jury as follows: 'If the person as-
saulted here, or who it is alleged was assaulted here, had
died, and these two defendants were on trial here for mur-
der, would they be guilty of murder? If so, in this case
they would be guilty of assault and battery, with intent to
kill'; the error being that said instruction does not contain
a sound proposition of law, in that it entirely deprives the
defendants of the benefit of abandoning the intent or at-
tempt of their own accord before same is fully executed."

These exceptions cannot be sustained.

2-4   In the case of *State v. Milam,* 88 S. C., pp. 129 and
      130; 70 S. E., 447, 449, we find:

"Appellant complains because the jury were told that he
was charged with assault and battery with intent to kill,
when, in fact, he was charged with assault and battery with
intent to kill and murder; the impression being thereby
made upon the jury that he was charged with an offense
less serious than that contained in the indictment upon
which he was convicted.

There can be no doubt that assault and battery with in-
tent to kill and murder is a more serious offense than as-
sault and battery with intent to kill, because in the former,
if death ensues, the perpetrator is guilty of murder, while
in the latter he may be guilty of manslaughter only, since
it may be done in sudden head and passion upon sufficient
legal provocation. But there is no difference between an
assault and battery with intent to kill and murder, and an

assault and battery with intent to kill committed with malice. In the latter the word 'malice' supplies the place of the word 'murder' in the former; malice being necessary to make the act murder, if death ensues. After stating the charge against defendant, the Court proceeded to define the offense charged and to differentiate it from aggravated assault and battery in the following language: 'An assault and battery with intent to kill is the unlawful infliction of a physical injury with a deadly weapon or with a weapon calculated to produce serious bodily harm or death, with malice, that is, with wickedness of heart, without just cause or excuse. The element which differentiates aggravated assault and battery from assault and battery with intent to kill is malice, malice being present in assault and battery with intent to kill, and absent in aggravated assault and battery, an aggravated assault and battery being the unlawful infliction of a physical injury with a deadly weapon, or with a weapon calculated to produce death or serious bodily harm, without malice, that is, without wickedness of heart, but unlawfully.' In view of the foregoing instructions, we are satisfied the error in stating the offense charged was not prejudicial."

The abandonment of the intent does not affect this case. The nature of the offense is fixed at the time the blow is struck. The abandonment of the intent to kill may save a man from the consequences of a second blow, but cannot change the nature of the blow already struck.

III. The next assignment of error is the refusal of the presiding Judge to grant a new trial for the want of evidence to sustain the verdict. This exception cannot be sustained. There was abundant evidence to sustain the verdict.

IV. The fifth exception reads:

"(5) It is respectfully submitted that the presiding Judge erred in refusing defendants' motion for a

new trial on the ground that the defendants failed to get a fair and impartial trial because of the inflamed state of public opinion evidenced and manifested by outbursts of approval and disapproval during the trial, in that, in spite of a stern warning and sharp rebuke by the presiding Judge, the audience entered its approval, or disapproval, in a way that the jury could not help but discern, and in a way that was calculated to influence the minds of the jury and to make it harder for them to render an impartial verdict; that, though muffled and suppressed by the warning of a stern Judge, the actions of the audience were such as to practically nullify the testimony of the defendants, because of an unmistaken wave of ridicule that swept across the mass of people that were congregated in the court room for the trial, all of which was in plain view of and perceived by the jurors."

The record does not show such a condition as to warrant this Court in granting a new trial.

V. The sixth exception reads:

"(6) It is respectfully submitted that the presiding Judge was in error in defining simple assault and battery and charging the jury as follows: 'What is simple assault and battery?' 'A simple assault and battery is, generally speaking, a battery committed with nature's weapons, our fists. Two men going out to fight, two men of equal size, using the old fist and skull method, that is simple assault and battery.' Said charge being erroneous in that said definition did not constitute a sound and full legal explanation of said offense, in that the jury was led to believe that simple assault and battery could be committed by men of equal size only, and that said offense had to be committed by nature's weapons exclusively, the fist only, and upon an agreement to fight. Said charge being further misleading to the jury, in that, if they found that the parties involved were of unequal size, and if they found that the injuries were inflicted

by weapons other than nature's weapons, injuries resulting from weapons exclusive of the fists, the defendants would be guilty of assault and battery, with intent to kill, as charged."

Even if this statement were inaccurate, it was not prejudicial. The issue was clear-cut. The question was, Were the injuries on the head and body of Mrs. Katherine Young caused by an accidental fall down the steps, or were they inflicted by deadly weapons in the hands of the defendants? There was no chance for refining. There was no middle ground. This exception cannot be sustained.

The judgment is affirmed.

MESSRS. JUSTICES WATTS, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.