### 7820

### STATE v. MILAM.

1. EVIDENCE—DECLARATIONS—CONTRADICTIONS.—Declarations of a prosecutor as to improper conduct of defendant and a young woman are irrelevant in prosecution for assault and battery and not the subject of contradiction.

2. ASSAULT AND BATTERY.—Giving the jury a definition of assault and battery with intent to kill, *committed with malice* is sufficient under an indictment charging defendant with assault and battery with intent to kill and *murder*.

3. MALICE—CHARGE.—Where it is apparent from the evidence that a crime was done with malice aforethought, if done in malice at all,

failure to instruct jury that malice should be "a forethought, either expressed or implied," is not reversible error, but it is well to adhere to establish definitions.

4. VERDICT.—Under the evidence here failure to instruct jury that they could find a verdict for simple assault and battery is not error.

Before DANTZLER, J., Laurens, Spring term, 1910. Affirmed.

Indictment against Parrott Milam.   Defendant appeals.

*Messrs. Richey & Richey,* for appellants, cite: *Ruling out declarations of prosecutor:* 33 S. C. 117; 32 S. C. 392. *Jury should be fully instructed as to offense charged:* 49 S. C. 518.

*Solicitor R. A. Cooper,* contra.   Oral argument.

March 14, 1911.   The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.   The defendant was convicted of assault and battery with intent to kill W. M. Irby, and was sentenced to eight years imprisonment at hard labor.   He admitted shooting the prosecutor with a shotgun, and pleaded self-defense.   Will Nelson, a witness for the State, was asked by defendant's attorney on cross-examination, if he had not told Mrs. Milam, defendant's mother, that Irby, the prosecutor, had told him to keep his daughter away from Milam's house, that Parrott Milam was ruining her, and that Milam's house was no fit place for his daughter.   The witness was allowed to answer the question, and his answer was "no."   Mrs. Milam, a witness for the defense, was asked if Nelson had not told her so,— the purpose being to contradict Nelson.   The Court excluded the answer.   The Court also refused to allow the defendant to testify that, previous to the difficulty, he had heard that Irby had been talking about him and Nelson's daughter.

In *State* v. *Sullivan,* 43 S. C. 205, 21 S. E. 4, it was held that the testimony of a witness that deceased had said to him, a short time before the killing, that the prisoner was not fit to live in a civilized community, was properly excluded, because it did not amount to a threat, or necessarily show ill feeling on the part of the deceased toward the accused. In *State* v. *Thrailkill,* 71 S. C. 136, 50 S. E. 551, it was held proper to exclude the testimony of a witness that deceased had told him, the day before the killing, that he (deceased) had taken a pistol from one of defendant's servants, that defendant had repeatedly sent for it, but that he did not intend that he should have it, because the declaration did not amount to a threat or necessarily show ill will. In *State* v. *Gallman,* 79 S. C. 229, 60 S. E. 682, it was held that evidence that deceased had, a short time before the killing, accused the prisoner of burning his (deceased's) barn was properly excluded,—the accusation being unaccompanied by threats. It is clear that the declaration of Irby, if true, was not a threat, nor did it necessarily show ill will toward the defendant. It was, therefore, irrelevant and collateral to the issue, and could not afford ground of contradicting the witness Nelson. The rule is well settled that a witness cannot be discredited by contradicting him upon an irrelevant or collateral matter. *State* v. *Wyse,* 33 S. C. 592, 12 S. E. 556; *State* v. *Adams,* 49 S. C. 414, 27 S. E. 523 ; *State* v. *Jones,* 74 S. C. 456, 54 S. E. 1017.

Appellant complains because the jury were told that he was charged with assault and battery with intent to kill, when, in fact, he was charged with assault and battery with intent to kill and murder,—the impression being thereby made upon the jury that he was charged with an offense less serious than that contained in the indictment upon which he was convicted.

There can be no doubt that assault and battery with intent to kill and murder is a more serious offense than assault and battery with intent to kill, because in the former, if

death ensues, the perpetrator is guilty of murder, while in the latter, he may be guilty of manslaughter only, since it may be done in sudden heat and passion upon sufficient legal provocation. But there is no difference between an assault and battery with intent to kill *and murder,* and an assault and battery with intent to kill, committed *with malice.* In the latter, the word "malice" supplies the place of the word "murder" in the former,—malice being necessary to make the act murder, if death ensues. After stating the charge against defendant, the Court proceeded to define the offense charged and to differentiate it from aggravated assault and battery in the following language: "An assault and battery with intent to kill is the unlawful infliction of a physical injury with a deadly weapon or with a weapon calculated to produce serious bodily harm or death, with malice, that is, with wickedness of heart, without just cause or excuse. The element which differentiates aggravated assault and battery from assault and battery with intent to kill is malice, malice being present in assault and battery with intent to kill, and absent in aggravated assault and battery, an aggravated assault and battery being the unlawful infliction of a physical injury with a deadly weapon or with a weapon calculated to produce death or serious bodily harm, without malice, that is, without wickedness of heart, but unlawfully." In view of the foregoing instructions, we are satisfied the error in stating the offense charged was not prejudicial.

Appellant also complains of error in the language above quoted in omitting the words "aforethought, either express or implied" after the word "malice." The words "express or implied" add nothing to the meaning of the word "malice." They do not imply different kinds of malice, but merely the manner in which the only kind known to the law may be shown to exist,—that is, either by positive evidence or by inference. The omission of these words was therefore more probably beneficial than preju-

dicial to defendant; because the jury, having been charged
that the State must prove the material allegations of the
indictment beyond all reasonable doubt, it is more likely, in
the absence of instructions that malice might be implied
from the facts and circumstances, that they would refuse
to convict without positive proof of it.

While it is generally better to adhere to those technical
definitions which time and usage have established and given
a well defined legal meaning, a slight departure from them
should not be ground for the reversal of a judgment, unless
it is made to appear that it was prejudicial. While there
may be and probably is some distinction between "malice"
and "malice aforethought,"—the latter conveying more the
idea of premeditation and design, and being, therefore,
more intense in respect to the wickedness of heart involved
than in the word "malice" alone, still the word "afore-
thought" is usually understood to refer rather to the time
when the evil intent is conceived. The authorities agree
that it need not exist for any appreciable period of time
before the commission of the act,—indeed, it may be con-
ceived at the very moment the fatal blow is given. It is
sufficient in law if the combination of the evil intent and act
produce the fatal result. 2 Bish, Cr. L. 677.

Where the evidence makes a question whether the act was
done in malice or in sudden heat and passion upon sufficient
legal provocation, it becomes more important that the jury
should be instructed that the evil intent called malice should
be "aforethought" in its technical legal sense. But where
it is apparent from the evidence that if the act was done
with malice at all, it must have been with "malice afore-
thought," in its legal signification, the distinction becomes
unimportant. In this case, there was no evidence which
would have warranted a finding that defendant shot in sud-
den heat and passion, upon sufficient legal provocation;
therefore he shot either with malice or in selfdefense.

The last exception is that the Judge erred in charging the jury that they might find either of the three verdicts, to wit: Guilty, guilty of aggravated assault and battery, or 4 not guilty, thereby precluding a verdict of simple assault and battery. Under the evidence, such a verdict would have been wholly unwarranted. The only error in that respect was in charging the jury that they might find a verdict of aggravated assault and battery,—and that was too favorable to defendant,—for there was no testimony of any facts or circumstances or of any such provocation for the shooting as would, in any view of it, have legally reduced the offense below that charged in the indictment. There would have been no error, therefore, if the jury had been told to find either of two verdicts,—guilty or not guilty. *State* v. *DuRant,* 87 S. C. 532.

Affirmed.