### 10232

*IN RE* McFADDEN,

STEWART v. COLLIER, *ET AL.*

(99 S. E. 838.)

1. HOMESTEAD — MOTOR VEHICLE — RECKLESS OPERATION — HOMESTEAD RIGHTS—VALIDITY OF STATUTE.—Act 1912 (27 St. at Large, p. 787), providing that person injured by reckless operation of motor vehicle shall have lien on motor vehicle next in priority to lien for State and county taxes, with right to attach vehicle, is not a nullity in so far as it affects homestead rights of owner of vehicle.

2. HIGHWAYS — MOTOR VEHICLE — LIEN ' FOR INJURIES — VALIDITY OF STATUTE—POLICE POWER.—Acts 1912 (27 St. at Large, p. 787), providing that person injured by reckless operation of motor vehicle· shall have lien on motor vehicle next in priority to lien for State and county taxes, with right to attach vehicle, is within police power, enacted for protection of public on highways.

Before GARY, J., York, Spring term, 1919. Affirmed.

Application by C. B. McFadden against Frank Collier and another to enjoin sale of automobile under attachment imposed by J. M. Stewart, attachment plaintiff, From a decree ordering the sheriff to proceed to sell the automobile, C. B. McFadden appeals.

The order of the Circuit Court mentioned in the opinion is as follows:

This is an application for an order to enjoin and restrain the sale of a certain Anderson-Six, yellow automobile, under attachment and advertisement for sale at Rock Hill, S. C., April 8, 1919.

The action is presented to me somewhat in the form of a rule to show cause, although this Court has issued no order requiring the plaintiff to appear. However, he does appear under this notice, and states to the Court that he does not object to the jurisdiction of this Court on the grounds of an irregularity of the proceeding, but is willing for this Court to pass an order deciding the question here presented.

The case was tried by me recently. The title of it was: *J. M. Stewart, Plaintiff, v, Frank Collier and Robt. Furr, Defendants.* The complaint alleged, amongst other things, that the automobile was being operated on the public highways of York county, S. C., in violation of the act of the legislature of 1912, volume XXVII, page 737. The defendants appeared by answer. The issues were submitted to a jury, and the jury rendered a verdict in favor of the plaintiff for the sum of five hundred dollars, and a special verdict against this automobile was also rendered.

Judgment was filed, execution issued and advertisement of the automobile made.

C. B. McFadden filed notice with the Clerk of Court, of York county, that this car is a part of his homestead. A similar notice served on the sheriff. The sheriff is proceeding to sell the said automobile under the execution herein. Now the said C. B. McFadden brings the matter before the

Court. The statutes prescribe how the rights of homestead shall be determined when it is contested, and I think it would have been more regular to have proceeded in the prescribed manner. However, the judgment creditors have waived such questions, and in the interest of a speedy determination of the rights of the parties, I will also waive them.

The question before me now is, Can the lien acquired by the plaintiff in this case be enforced against this car, notwithstanding the owner of the car claims a homestead exemption.

It can scarcely be called a question of novel impression in this State, notwithstanding the act in which it arises was enacted as recently as 1914. Our Supreme Court has already been called upon to pass upon the constitutionality of the act, and the Court upheld it as a valid exercise of the police power of the State, and further held that the lien created by the act was not an infringement of the Constitution of the State.

It is only fair to state, however, that the articles of the Constitution in this case, said to be impinged, are different from the article now claimed to be violated by the enactment. See *Merchants and Planters Bank v. Brigman et al.*, 106 S. C. 342.

Nevertheless, it seems to me that, the reasoning in that case applies with equal force to the case before us, and is conclusive of the question referred to.

After holding specifically that this legislation was enacted by the legislature to enhance the safety of the public on the public highways of the State, and that it was enacted by virtue of the State's police power, Mr. Justice Watts, who delivered the opinion of the Court, said: "The legislature has the inherent police power to pass any law it judges fit for the protection and welfare of its people in traveling over the public highways of the State, and it is a matter within the discretion of the legislature of the State to determine

what interests the public requires, and to adopt such measures and means as are reasonably necessary for the protection of such interests, and to make reasonably safe the traveling public.

"As long as the legislature acts in relation to the police power vested in it as the lawmaking power, it is not for the Court to vacate their action upon constitutional grounds, or to say whether the measure is wise or unwise. The legislature by passing the acts judged the measure to be reasonable and wise. The public generally has the right to use the highways of the State and travel over the same afoot, horseback, in vehicles and motor vehicles." And further on, he says: "The legislature in passing the act in question in the exercise of its police regulations as to how dangerous instrumentalities could be operated on public highways did not exceed its power and go beyond what it has the right to do. It had the right to regulate the running of a dangerous instrumentality, such as an automobile or other motor vehicle unquestionably are, on the public highways of the State."

In the act in question, the legislature has, under certain circumstances, placed a lien upon this property, which lien, it seems to me, is as effectual to bind the property as would be a lien placed upon it by the owner thereof. Surely a lien created by the State in the exercise of its sovereign power may be enforced as effectually as could be a lien creatd by the owner of the property.

The case referred to decides the lien created by this act is superior to a mortgage executed to a third party.

The lien of such a mortgage would certainly be enforcible against the claim of homestead. It must inevitably follow that the claim of homestead would be subordinate to a lien superior to the lien of a mortgage.

Taking this view of the meaning and scope of the decision referred to, I must refuse the relief asked for by the petitioner, and it is so ordered.

*Mr. J. Harry Foster,* for appellant, submits : *The automobile attached, and advertised for sale, is admittedly a part of the owner's homestead and personalty, and cannot be sold under judgment lien recovered against it under the automobile statute of 1912.  Homestead is not subject to levy and sale:* 99 S. C. 410; 28 S. C. 71; 32 S. C. 264; 73 S. C. 329; 26 S. C. 1; 24 S. C. 424; 37 S. C. 118; 107 S. C. 366; Code 1912, sec. 348, subdiv. 4; Const. 1895, art III, sec. 28; Code 1912, vol. I, sections 3711-3722; 106 S. C. 362; 69 S. C. 326; 14 Rich. 251; 2 S. C. 557; 84 S. C. 563; 13 Rich. 277; Cooley on Constitutional Lim. (7th Ed.), p. 127; 26 Enc. of L., 2d Ed. 280; 11 S. C. 333; 15 S. C. 593; 21 S. C. 375, 381.  *The Automobile Act of 1912, the homestead exemption statutes appearing in Code of 1912, and the Constitution of 1895, article III, sec. 28, must be construed together.*

*Messrs. Dunlap & Dunlap,* for respondent, submit : *The Automobile Act of 1912 was enacted by the legislature in the exercise of its police power, and is constitutional:* 8 Cyc 863; 103 U. S. 344; 26 L. Ed. 505; 106 S. C. 366; 92 S. E 508 (N. C.) ; 106 S. C. 333.

July 14, 1919.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

For the reasons stated by his Honor, the Circuit Judge, the order of the Circuit Court is affirmed.

MESSRS. JUSTICES HYDRICK, WATTS and GAGE concur
MR. JUSTICE FRASER did not sit.