## 18150

Fred N. YAUN, Respondent, v. Glenn W. BALDRIDGE and Dorothy Busbee, Appellants, Linda Y. BALDRIDGE, by her Guardian *ad Litem*, Fred N. Yaun, Respondent, v. Glenn W. BALDRIDGE and Dorothy Busbee, Appellants.

(134 S. E. (2d) 248)

*Messrs. Henderson, Salley & Cushman,* of Aiken, *for Appellants,*

*Messrs. Lybrand, Simons & Rich,* of Aiken, *for Respondents,*

*Messrs. Henderson, Salley & Cushman,* of Aiken, *for Appellants, in Reply,*

January 3, 1964.

BRAILSFORD, Justice.

These two appeals arise out of an automobile accident. Glenn W. Baldridge, the defendant, was the driver, and Linda Yaun was his guest passenger. Both were teenagers and had been going together for several years. They were married about two months after the accident. Linda Yaun Baldridge sued her husband for damages for her personal injuries and her father sued him for medical expenses, etc.

Both recovered judgments and he has appealed. The appeals involve identical issues which will be resolved in both by our disposition of the appeal in the personal injury action.

The defendant challenges the sufficiency of the evidence to support a verdict under the guest statute, Sec. 46-801, Code of 1962, and complains of error in the charge.

Plaintiff's serious injuries were sustained when the automobile being driven by the defendant veered to the right of the highway, traveled for about fifty feet on a narrow, dirt shoulder and struck a tree. There were no brake marks and no physical evidence of an attempt to control the direction of travel. The tire tracks left the highway at an angle and were straight to the point of impact. No other traffic or obstacle on the highway was involved.

These undisputed facts, standing alone, are susceptible of either of two inferences: (1) That the defendant deliberately brought about the collision; or (2) that the defendant exercised no control over the movement of the automobile just prior to the collision. Either inference inculpates him and calls for a reasonable explanation. This is attempted by the answer, which alleges that defendant was operating the automobile in a careful and prudent manner when the plaintiff fainted and started to fall forward, whereupon it became necessary for defendant to "reach over and catch her to prevent her falling against the dash, * * * and also to refrain from applying the brakes and suddenly stopping the automobile; however, he was unable to successfully hold and protect her and prevent the automobile from leaving the road and striking the tree in question."

The accident occurred on a winding paved highway with narrow unkept dirt shoulders and trees growing close to the paved surface in places. The posted speed limit was 35 miles per hour.

In support of his answer, the defendant testified that as he drove along the roadway at 30 miles per hour or "a little faster," his companion, who was seated well to his right,

became unresponsive. He looked at her and "saw her head falling (he) reached out to grab her and felt something pull the wheel *after a few seconds.*" He looked up for the first time since his attention had been withdrawn from the road and saw the tree immediately in front of him. He testified that the shoulder at the point where the car left the road was practically level and the wheel action to which he referred was caused by a dip in the shoulder near the tree. He "didn't know (he) was off the road until (he) got just about to the tree." And, of course, he did not know how far the car traveled on the paved surface while he was not looking at the road. In reaching for plaintiff with his right hand he slid over toward her side of the seat. When asked why he had not applied the brakes, his first response was, in effect, that he had not had time and that his "foot was actually too far from the brake * * * "; that he "had moved over too far to reach them."

As illuminating defendant's complete inattention to the road, we quote from his cross-examination.

"Q. You had quite a few moments there while you were traveling that fifty feet, while you were on the shoulder, didn't you?

"A. If I had knew I was on the shoulder, I did.

"Q. You didn't know you were on the shoulder?

"A. No, I didn't.

"Q. But for a lapse of that time, from the time your car got off the pavement to the time you hit the tree, you didn't look back at the road at all?

"A. Before I hit the tree I didn't see the road, I saw the tree in front of me.

"Q. You didn't look back at the road from the time your car left the pavement for if you had you would have known you were off the pavement, wouldn't you?

"A. That's correct.

"Q. You could have told out of the side of the eye if you had glanced in that direction that you were getting off the road, if you had looked, couldn't you?

"A. If you bend down in the car you can't see out of the side of your eye."

Defendant testified to no facts concerning the position of plaintiff's body in the car necessarily raising an apprehension that she would be injured if he did not rescue her. He simply stated several times that he saw her head "falling" or "fall forward" or "fall over." His testimony is consistent with the inference that she was seated in a normal position and that the motion of her head was similar to a nod.

Under the terms of Sec. 46-801, the liability of a motorist for injury to a guest is restricted to harm intentionally inflicted or caused by the driver's heedlessness and "his reckless disregard for the rights of others." The following definition of recklessness has been approved by this court:

"* * * 'Recklessness implies the doing of a negligent act knowingly. When a man actually acts negligently and he realizes that he is acting negligently, the law says he is reckless or willful and wanton, whichever term you prefer, they all mean the same thing, that is, the conscious failure to exercise due care.' " *State v. Rachels,* 218 S. C. 1, 8, 61 S. E. (2d) 249, 252.

One is presumed to intend the natural and probable consequences of his voluntary acts, and recklessness or willfulness may be inferred from conduct so grossly negligent that a person of ordinary reason and prudence would then have been conscious of the probability of resulting injury. *Rogers v. Florence Printing Company,* 233 S. C. 567, 577-578, 106 S. E. (2d) 258; and *Leppard v. Southern Rwy. Co.,* 174 S. C. 237, 177 S. E. 129.

In this jurisdiction an automobile is recognized as a dangerous instrumentality, even on the criminal side of the court. *State v. Barnett,* 218 S. C. 415, 63 S. E. (2d) 57. One operating a motor vehicle on a public highway owes an urgent duty to keep a proper lookout and to keep the vehicle under proper control. In a recent guest passenger

case, *Shearer v. DeShon,* 240 S. C. 472, 126 S. E. (2d) 514, it was held that inattention to these duties by a driver, while lighting a cigarette and passing a box of matches to a passenger on the back seat, raised an issue for the jury as to whether the driver acted in reckless disregard of the rights of others.

According to his own testimony, for an interval of time this defendant completely abandoned the performance of his duty to keep a lookout and to control the movement of his automobile. He seeks to justify this otherwise grossly reckless conduct on the ground that it was necessary for him to do so in order to protect plaintiff from harm. Viewing the evidence in a light favorable to plaintiff, as must be done in passing upon the exceptions to the refusal of the court to direct a verdict, we think that jury issues were presented. The jury could with reason have decided that there was no such emergency as actually or apparently required defendant's intervention before bringing his automobile to a safe stop. If there was, the evaluation of his conduct in the light of the emergency was likewise for the jury. These issues were properly submitted to the triers of the facts under a fair charge.

The next exception complains of error in charging Sec. 46-361, which reads as follows:

"No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."

The defendant concedes that the testimony raised an issue as to whether the defendant was driving in excess of the posted speed limit of 35 miles per hour. His contention is that the second sentence of this section was inapplicable since he did not collide with any person or vehicle on the highway.

We find no error as assigned, certainly none to the defendant's prejudice. It is well settled that the giving of even an erroneous instruction is not reversible error unless the appellant can show that he was prejudiced thereby. *Ellison v. Simmons,* 238 S. C. 364, 120 S. E. (2d) 209. The authorities cited in defendant's brief have been carefully considered and are not inconsistent with our conclusion.

The last question argued in the brief complains of error in charging Sec. 46-363, which requires an appropriate reduced speed under certain conditions, among them "when approaching and going around a curve" and "when traveling upon any narrow or winding roadway." The error assigned is that "none of the circumstances referred to in said statute existed in the instant case as a relevant factor * * *." The contention is based upon testimony that the accident occurred on a short, straight stretch of this otherwise winding roadway. There was other testimony that the road was "narrow and winding all the way through." Furthermore, pictures in evidence show that the defendant was approaching a curve at the point of collision. We find no error as assigned.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.