THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Freddie Leon Upton,       
Appellant.
 
 
 

Appeal From Cherokee County
Gary E. Clary, Circuit Court Judge

Unpublished Opinion No. 2003-UP-734
Submitted October 15, 2003  Filed December 
 16, 2003

AFFIRMED

 
 
 
Andrew J. Johnston, of Spartanburg, for Appellant.
Attorney General Henry D. McMaster, Chief Deputy Attorney 
 General John W. McIntosh, and Assistant Deputy Attorney General Donald J. Zelenka, 
 all of Columbia; Harold W. Gowdy, III, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Freddie Lee Upton appeals his 
 conviction and sentence for murder, arguing the trial court erred in failing 
 to grant a directed verdict.  We affirm. [1] 
FACTS/PROCEDURAL HISTORY
Upton was charged with murder following the stabbing 
 death of Don Booger Martin.  Viewed in the light most favorable to the State, 
 the evidence established the following.  Martin and his wife, Alice, were friends 
 with Uptons girlfriend, Dianne Pierce.  Several months before Martins death, 
 Upton bought Pierce a car.  Martin told Pierce he could have purchased for her 
 a nicer car at the price Upton paid.  Upton did not care for Martin or the comment 
 and later told Pierce he would cut Martins throat.  
On the evening before Martins death, Upton threw 
 kitchen knives at a wall while Pierce was in the room on the other side.  Pierce 
 left the next morning but returned later with the Martins to retrieve some clothes.  
 Upton came out of the home and began an argument with Martin, accusing him of 
 going with Pierce.  The two men scuffled and Martin pushed Upton and ran away.  
 Upton pulled out a kitchen knife and chased Martin.  Martin slipped and fell 
 and Upton jumped on him, cutting and stabbing him with the knife.  Martin suffered 
 a knife wound to his back and a fatal stab wound to his chest.  When police 
 arrived, Upton was back in his home and the knife was in the sink.  Martin had 
 a small pocketknife on his person but it was unopened.  Upton was treated at 
 a local hospital for pain to the forearm and ankle and a fractured nose. 
Upton testified in his defense, noting he was disabled 
 from injuries he suffered in an accident in which a car hit him while he was 
 a pedestrian and another auto accident in which he was a passenger.  As a result 
 of these accidents, he has limited use of his right arm.  He claimed Martin 
 had previously intimidated him by sharpening a knife and that when he was called 
 outside on the day in question he took a kitchen knife because he was afraid 
 Martin had a knife with him.  Upton claimed Martin attacked him, knocking him 
 to the ground and stomping on him and that he stabbed Martin while trying to 
 protect himself.  
LAW/ANALYSIS
Upton argues the trial court should have directed a 
 verdict on the charge of murder because the State failed to introduce any evidence 
 of malice aforethought.  We disagree.
In ruling on a motion for a directed verdict, the 
 trial court is concerned with the existence of evidence, not its weight.  State 
 v. McKnight, 352 S.C. 635, 642, 576 S.E.2d 168, 171, cert. denied, 
 124 S. Ct. 101 (2003).  The case should be submitted to the jury if there is 
 any direct or substantial circumstantial evidence that reasonably tends to prove 
 the defendants guilt or from which his guilt may be logically deduced.  State 
 v. Fennell, 340 S.C. 266, 270, 531 S.E.2d 512, 514 (2000).  On review from 
 the denial of a directed verdict, this court must view the evidence in the light 
 most favorable to the State and if the evidence reasonably tends to prove the 
 defendants guilt, must determine the motion was properly denied.  Id.  

Murder is the killing of any person with malice 
 aforethought, either express or implied.  S.C. Code Ann. § 16-3-10 (2003).  
 Malice is the wrongful intent to injure another and indicates a wicked or 
 depraved spirit intent on doing wrong.  State v. Kelsey, 331 S.C. 50, 
 62, 502 S.E.2d 63, 69 (1998).  Malice may be implied from the use of a deadly 
 weapon.  Id.  Although malice must be aforethought, there is no requirement 
 that it exist for any appreciable length of time before the act, but rather 
 it may be conceived at the moment the assault occurs.  State v. Wilds, 
 355 S.C. 269, 277, 584 S.E.2d 138, 142 (Ct. App. 2003). 
Here, there was sufficient evidence that Upton killed 
 Martin with malice aforethought.  First, he had previously threatened to cut 
 Martins throat.  More important, however, is his conduct on the day of the 
 stabbing.  After the two men scuffled, Martin pushed Upton and ran away.  Upton 
 responded by chasing and jumping on Martin, cutting and stabbing him with a 
 knife.  Uptons use of a deadly weapon after chasing down the fleeing Martin 
 constitutes evidence that he killed Martin with a wicked and depraved spirit 
 intent on doing wrong.  We find no error in the courts decision to submit the 
 charge of murder to the jury.
AFFIRMED.
HUFF, STILWELL, and BEATTY, JJ., concur.

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.