646 S.E.2d 168

**The STATE, Respondent,**

v.

**Timothy Terreal KINARD, Appellant.**

**No. 4242.**

Court of Appeals of South Carolina.

Heard April 3, 2007.

Decided May 7, 2007.

Rehearing Denied June 28, 2007.

Anderson, J., concurred in result only with opinion.

Appellate Defender Kathrine H. Hudgins, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Shawn L. Reeves, all of Columbia; and Solicitor Donald V. Myers, of Lexington, for Respondent.

SHORT, J.

Timothy Terreal Kinard appeals his conviction for assault and battery with intent to kill (ABIK). Kinard alleges the trial court erred in refusing to charge the jury on the general intent required to convict for ABIK. We affirm.

## FACTS

On March 13, 2000, Kinard and his brother, Reginald Davis, entered the home of seventy-six-year-old Hubert Bryan. Kinard claimed he and Davis entered the house through an unlocked door and found Bryan present at his home, but Bryan contended he discovered Davis in his home after he had unlocked the door and entered. Bryan suspected the men entered the home through a window they had pried open. It is undisputed that Bryan drew a handgun and confronted Davis while Kinard remained out of sight. Bryan demanded Davis leave and Davis complied. After Davis left, Kinard came running out of the kitchen, struck Bryan in the head with an iron, and left the home. Bryan sustained an injury to his head which required thirteen stitches, and when he returned from the hospital, he noticed $2,500.00 missing from his home. Kinard and Davis fled to New York, but were later arrested and returned to South Carolina.

A Saluda County grand jury indicted Kinard for first degree burglary and assault and battery with intent to kill (ABIK). At trial, the jury convicted Kinard of both charges, and the trial court sentenced him to twenty years imprisonment for burglary and fifteen years imprisonment for ABIK to be served concurrently.[1] Kinard appeals.[2]

---

1. Kinard does not appeal his conviction for first degree burglary.

## STANDARD OF REVIEW

"In criminal cases, the appellate court sits to review errors of law only." *State v. Wilson*, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001). "An appellate court will not reverse the trial judge's decision regarding jury charges absent an abuse of discretion." *State v. Santiago*, 370 S.C. 153, 159, 634 S.E.2d 23, 26 (Ct.App.2006). Generally, the trial court is required to charge only the current and correct law of South Carolina. *Sheppard v. State*, 357 S.C. 646, 665, 594 S.E.2d 462, 472 (2004). A charge to the jury is correct if it contains the correct definition of the law when read as a whole. *Id.* at 665, 594 S.E.2d at 472–73.

## LAW/ANALYSIS

Kinard contends the trial court erred in refusing to charge the jury on the general intent required to convict for ABIK. We disagree.

ABIK is defined as an unlawful act of a violent nature to the person of another with malice aforethought, either express or implied. *State v. Wilds*, 355 S.C. 269, 275, 584 S.E.2d 138, 141 (Ct.App.2003). Murder is the killing of a person with malice aforethought, either express or implied. *Id.* With the exception of the death of the victim, each and every element of murder must be proven beyond a reasonable doubt in order for a jury to convict a defendant of ABIK. *Id.*

"Malice aforethought" is defined as "the requisite mental state for common-law murder" and it utilizes four possible mental states to encompass both specific and general intent to commit the crime. *Black's Law Dictionary* 969 (7th ed.1999). These four possibilities are intent to kill, intent to inflict grievous bodily harm, extremely reckless indifference to the

**2.** Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Kinard's appellate counsel filed a brief along with a petition to be relieved, stating his examination of the record indicated the appeal was without merit. Kinard filed a separate *pro se* response. Following our *Anders* review, this court ordered the parties to brief the following issue:

Whether the circuit court judge erred in not charging the jury on general intent for assault and battery with intent to kill?
This issue is now our sole appellate consideration.

value of human life (abandoned and malignant heart), and intent to commit a felony (felony murder rule).[3] *Id.* "General intent" is defined as "the state of mind required for the commission of certain common law crimes not requiring specific intent" and it "usually takes the form of recklessness . . . or negligence." *Black's Law Dictionary* 813 (7th ed.1999).

Clearly, the above definitions illustrate that malice aforethought encompasses both the specific and general intent to commit murder. As ABIK encompasses each of the required elements of murder except for the death of the victim, it is axiomatic that malice aforethought be the mental state required to commit ABIK. Further, the South Carolina Supreme Court has stated "the required mental state for ABIK, like murder, is malice aforethought." *State v. Fennell,* 340 S.C. 266, 275, 531 S.E.2d 512, 517 (2000).

> In this matter the trial court instructed the jury thusly:
> Assault and battery with intent to kill has 4 elements. It's an unlawful act of violent injury to the person of another accompanied with malice aforethought. . . . Malice is an essential element of assault and battery with intent to kill. The malice must be aforethought. Thought of just before and at the time the blow was struck. . . .
> So what do we mean by malice? Malice imports wickedness, and it excludes any just cause or legal excuse. Malice springs from depravity, from a depraved spirit, from a heart devoid of social duty and fatally bent on mischief. It does not necessarily import ill will towards the specific person who is injured, but rather it signifies a general malignancy towards and recklessness for the life and safety of another or a condition of the mind that shows a heart devoid of social duty and fatally bent on mischief. There has to be a combination between this evil intent existing aforethought, just before and at the commission of the battery, and the act producing the battery. . . .
> Now obviously, folks, malice is a state of mind. The State has to prove to you that the element of malice existed by

---

**3.** We note the South Carolina Supreme Court has found the *Black's Law Dictionary* definition of "malice aforethought" does not vary in a meaningful way from a proper jury instruction. *State v. Harris,* 340 S.C. 59, 64, 530 S.E.2d 626, 628 (2000).

either direct evidence or circumstantial evidence or a combination of both.

In its charge, the court went on to explain that the jury could infer malice from the use of a deadly weapon and explained the difference between ABIK and assault and battery of a high and aggravated nature (ABHAN). The court summed up the instructions and noted ABHAN, unlike ABIK, did not require malice aforethought.

At trial, defense counsel relied on *State v. Foust,* 325 S.C. 12, 479 S.E.2d 50 (1996), in objecting to this instruction. In *Foust,* the Supreme Court noted numerous prior cases which required intent to kill accompanied with malice in order to convict for ABIK. *Id.* at 15, 479 S.E.2d at 51. The Court acknowledged the requirement of "some" intent, but clearly stated a specific intent to kill was not necessary. *Id.* The court held "it is sufficient if there is shown some general intent, such as that heretofore applied in cases of murder in this state," and "accordingly, . . . in charging juries the law of ABIK, South Carolina trial judges should give a standard 'intent' charge. . . ." *Id.* at 15–16, 479 S.E.2d at 51–52. Defense counsel interpreted this holding to require a specific instruction regarding general intent to kill. Defense counsel argued you could not convict someone of ABIK if you had malice but not intent to kill or if you had intent to kill without malice. However, when counsel was asked the difference between a general intent to kill and malice aforethought, he replied "I don't know."

While we are mindful of previous opinions from the appellate courts of this state which have treated intent to kill and malice as separate requirements, we, much like both parties and the trial judge below, fail to discern any significant difference between general intent to kill and malice aforethought as they pertain to ABIK. Since the definition of malice aforethought encompasses general intent to kill, we find it difficult to reconcile a manner in which one could find malice aforethought and yet not find general intent to kill. Further, we read the *Foust* opinion as the elimination of this artificial distinction. In stating that some general intent such as that heretofore applied in murder cases in this state was sufficient to prove ABIK, the *Foust* court was establishing malice

aforethought as the necessary general intent. Since malice aforethought undoubtedly has been established as the intent required in murder cases, we necessarily arrive at the above conclusion. Moreover, our state Supreme Court reaffirmed malice aforethought as the required mental state for ABIK in an opinion decided four years subsequent to *Foust.* *Fennell,* 340 S.C. at 275, 531 S.E.2d at 517. Accordingly, we find the trial court's jury instruction, which properly charged the jury regarding malice aforethought, to be without error. The jury was given a proper "intent" charge.

## CONCLUSION

We find no error in the trial court's jury instruction. Based on the foregoing, Kinard's conviction is

**AFFIRMED.**

KITTREDGE, J., concurs.

ANDERSON, J., concurs in result only.

ANDERSON, J.: (concurring in result only).

Because I disagree with the reasoning and analysis of the majority, but vote to affirm the learned circuit judge, I concur in result only.