**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Eugene D. Patterson, Appellant.

Appellate Case No. 2008-090626

---

Appeal From Richland County
William P. Keesley, Circuit Court Judge

---

Unpublished Opinion No. 2013-UP-154
Heard April 1, 2013 – Filed April 17, 2013

---

**AFFIRMED**

---

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Melody Jane Brown, and Solicitor Warren B. Giese, all of Columbia, for Respondent.

---

**PER CURIAM:** Eugene Patterson appeals his conviction for murder, arguing the trial judge erred in denying his motion for a directed verdict of acquittal because the State's evidence against him was too insubstantial to rise above a mere suspicion that he was guilty. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. McHoney*, 344 S.C. 85, 97, 544 S.E.2d 30, 36 (2001) (stating the trial court is concerned with the existence of evidence rather than its weight when considering a directed verdict motion); *State v. Cherry*, 361 S.C. 588, 594, 606 S.E.2d 475, 478 (2004) ("[A] trial judge is not required to find that the evidence infers guilt to the exclusion of any other reasonable hypothesis."); *State v. Buckmon*, 347 S.C. 316, 322, 555 S.E.2d 402, 405 (2001) ("When a directed verdict motion is made in a criminal case where the State relies exclusively on circumstantial evidence, the trial judge must submit the case to the jury if there is any substantial circumstantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced."); *State v. Brandt*, 393 S.C. 526, 542, 713 S.E.2d 591, 599 (2011) (noting if there is any direct or substantial circumstantial evidence that reasonably tends to prove the guilt of the accused, this court must find the case was properly submitted to the jury); *id.* ("When reviewing a denial of a directed verdict, an appellate court views the evidence and all reasonable inferences in the light most favorable to the State."); *State v. Miller*, 397 S.C. 630, 635, 725 S.E.2d 724, 727 (Ct. App. 2012) ("South Carolina law defines 'murder' as 'the killing of any person with malice aforethought, either express or implied.'" (quoting S.C. Code Ann. § 16-3-10 (2003))); *State v. Wilds*, 355 S.C. 269, 276, 584 S.E.2d 138, 141-42 (Ct. App. 2003) ("Malice is the wrongful intent to injure another and indicates a wicked or depraved spirit intent on doing wrong."); *id.* at 276-77, 584 S.E.2d at 142 ("Implied malice is when circumstances demonstrate a 'wanton or reckless disregard for human life' or 'a reasonably prudent man would have known that according to common experience there was a plain and strong likelihood that death would follow the contemplated act.'" (quoting 40 C.J.S. *Homicide* § 35 (1991))); *id.* at 276, 584 S.E.2d at 142 ("In its legal sense, [malice] does not necessarily 'import ill-will toward the individual injured, but signifies rather a general malignant recklessness of the lives and safety of others, or a condition of the mind which shows a heart regardless of social duty and fatally bent on mischief.'" (quoting *State v. Heyward*, 197 S.C. 371, 375, 15 S.E.2d 669, 671 (1941))); *id.* at 277, 584 S.E.2d at 142 ("The use of a deadly weapon gives rise to a permissive inference of malice."); *State v. Dantonio*, 376 S.C. 594, 605, 658 S.E.2d 337, 343 (Ct. App. 2008) ("A defendant's act may be regarded as the proximate cause if it is a contributing cause of the death of the deceased."); *id.* ("The defendant's act need not be the sole cause of the death, provided it is a proximate cause actually

contributing to the death of the deceased."); *State v. Fennell*, 340 S.C. 266, 272, 531 S.E.2d 512, 515 (2000) ("[A] defendant may be found guilty of murder or manslaughter in a case of bad or mistaken aim under the doctrine of transferred intent."); *Heyward*, 197 S.C. at 377, 15 S.E.2d at 672 ("If there was malice in [defendant's] heart, he was guilty of the crime charged, it matters not whether he killed his intended victim or a third person through mistake.").

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**