**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Bronson Shelley, Appellant.

Appellate Case No. 2012-213520

—————————

Appeal From Colleton County
Perry M. Buckner, Circuit Court Judge

—————————

Unpublished Opinion No. 2014-UP-312
Submitted July 1, 2014 – Filed August 6, 2014

—————————

**AFFIRMED**

—————————

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Jennifer Ellis Roberts, both of
Columbia; and Solicitor Isaac McDuffie Stone, III, of
Bluffton, for Respondent.

—————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Kinard*, 373 S.C. 500, 503, 646 S.E.2d 168, 169 (Ct. App.

2007) ("An appellate court will not reverse the trial [court]'s decision regarding jury charges absent an abuse of discretion." (internal quotation marks omitted)); *State v. Halcomb*, 382 S.C. 432, 438, 676 S.E.2d 149, 152 (Ct. App. 2009) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law."); *Sheppard v. State*, 357 S.C. 646, 665, 594 S.E.2d 462, 472 (2004) ("In general, the trial court is required to charge only the current and correct law of South Carolina."); *State v. Miller*, 397 S.C. 630, 635, 725 S.E.2d 724, 727 (Ct. App. 2012), *cert. granted*, S.C. Sup. Ct. Order dated Nov. 20, 2013 (noting an appellate court "must consider the [trial] court's jury charge as a whole in light of the evidence and issues presented at trial" (alteration in original)); *Tate v. State*, 351 S.C. 418, 426, 570 S.E.2d 522, 527 (2002) ("Malice is the wrongful intent to injure another . . . .").

**AFFIRMED.**[1]

**HUFF, THOMAS, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.