**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Joseph Decoriyus Burton, Appellant.

Appellate Case No. 2021-000619

---

Appeal From Beaufort County
Robert J. Bonds, Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-034
Submitted November 1, 2023 – Filed January 31, 2024

---

**AFFIRMED**

---

Appellate Defender Sarah Elizabeth Shipe, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General Melody Jane Brown, Assistant Attorney General Julianna E. Battenfield, all of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

---

**PER CURIAM:** Joseph Decoriyus Burton appeals his convictions for murder and possession of a weapon during the commission of a violent crime and his aggregate sentence of forty years' imprisonment. Burton argues the trial court abused its discretion by instructing the jury that "malice may be shown from conduct showing a total disregard for human life" because the charge amounted to a comment on the facts after Burton testified he had poor vision and agreed that blindly firing into a crowd showed a total disregard for human life. We affirm pursuant to Rule 220(b), SCACR.

We find the trial court did not abuse its discretion by instructing the jury that "malice may be shown from conduct showing a total disregard for human life" because it was not a comment on the facts by the trial court, but a proper instruction on the law. *See State v. Brandt*, 393 S.C. 526, 549, 713 S.E.2d 591, 603 (2011) ("A jury charge is correct if, when the charge is read as a whole, it contains the correct definition and adequately covers the law." (quoting *State v. Adkins*, 353 S.C. 312, 318, 577 S.E.2d 460, 464 (Ct. App. 2003))); S.C. Code Ann. § 16-3-10 (2015) ("'Murder' is the killing of any person with malice aforethought, either express or implied."); *State v. Wilds*, 355 S.C. 269, 276-77, 584 S.E.2d 138, 142 (Ct. App. 2003) ("Implied malice is when circumstances demonstrate a 'wanton or reckless disregard for human life' or 'a reasonably prudent man would have known that according to common experience there was a plain and strong likelihood that death would follow the contemplated act.'" (quoting 40 C.J.S. Homicide § 35 (1991))). The trial court's instruction did not emphasize any particular facts to the jury or serve as commentary on its view of them. *See State v. Brown*, 438 S.C. 146, 152, 881 S.E.2d 771, 774 (Ct. App. 2022), *reh'g denied* (Jan. 4, 2023) (stating an inferred malice charge was not a comment on the facts when it did not imply the court believed the defendant committed armed robbery, did not suggest the court was attempting to influence the jury to find malice this way, and did not encourage the jury to give evidence of the robbery special weight).

**AFFIRMED.**[1]

**MCDONALD and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.