**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

The State, Respondent,

v.

Tremaine Pierre Johnson, Appellant.

Appellate Case No. 2021-000701

———

Appeal From Spartanburg County
J. Derham Cole, Sr., Circuit Court Judge

———

Unpublished Opinion No. 2025-UP-018
Submitted October 1, 2024 – Filed January 23, 2025

———

**AFFIRMED**

———

Elizabeth Anne Franklin-Best, of Elizabeth
Franklin-Best, P.C., of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy
Attorney General Donald J. Zelenka, and Senior
Assistant Deputy Attorney General Melody Jane Brown,
all of Columbia; and Solicitor Barry Joe Barnette, of
Spartanburg, all for Respondent.

———

**PER CURIAM:**  Tremaine Pierre Johnson appeals his conviction for murder and sentence of life imprisonment.  On appeal, he argues the trial court erred by denying his motion for a directed verdict.  We affirm.

We hold Johnson's argument that the trial court erred in denying his motion for a directed verdict was not preserved for appellate review because he did not articulate any specific grounds in his motion.  *See State v. Sterling*, 396 S.C. 599, 612, 723 S.E.2d 176, 183 (2012) ("A general directed verdict motion . . . does not preserve any issue for appeal."); *State v. Kennerly*, 331 S.C. 442, 455, 503 S.E.2d 214, 221 (Ct. App. 1998) ("In reviewing a denial of directed verdict, issues not raised to the trial court in support of the directed verdict motion are not preserved for appellate review."), *aff'd*, 337 S.C. 617, 524 S.E.2d 837 (1999); *In re McCracken*, 346 S.C. 87, 92, 551 S.E.2d 235, 238 (2001) (alteration in original) (holding the defendant's motion for a directed verdict—"I think [the State has] failed to meet their burden of proof beyond a reasonable doubt"—was not preserved because it "stated no specific ground").

Despite our concern with preservation, we address the merits out of an abundance of caution.  We hold the trial court did not err in denying Johnson's motion for a directed verdict because, when viewed in the light most favorable to the State, there is substantial circumstantial evidence reasonably tending to prove Johnson committed murder.  *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 27-28, 602 S.E.2d 772, 782 (2004) ("When reviewing the denial of a motion for [a] directed verdict . . . , an appellate court must employ the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party."); *State v. Butler*, 407 S.C. 376, 381, 755 S.E.2d 457, 460 (2014) ("On appeal from the denial of a directed verdict, this [c]ourt views the evidence and all reasonable inferences in the light most favorable to the State."); *State v. Rogers*, 405 S.C. 554, 563, 748 S.E.2d 265, 270 (Ct. App. 2013) ("If there is any direct evidence, or if there is substantial circumstantial evidence, that reasonably tends to prove the defendant's guilt, we must find the trial court properly submitted the case to the jury.").  The totality of the State's evidence allowed for a reasonable inference that Johnson killed the victim with malice aforethought.  Johnson and the victim had been in a relationship, and upon learning of the victim's pregnancy, Johnson searched the internet for poison, an abortion clinic, and abortion medication.  On the morning of the murder, Johnson learned the victim had blocked him from contacting her, responded to her angrily, and then contacted an acquaintance, his codefendant, whom he had not spoken to in at least a month.  Additionally, the State presented a witness who saw the codefendant and Johnson together mere hours before the murder occurred.  Further, the forensic

firearms examiner opined the markings on the bullet found at the crime scene indicated it could only have been fired from a .40 caliber Smith & Wesson, the same type of gun codefendant owned; the codefendant's gun was never found. The State also presented evidence to support Johnson's presence at the crime scene: the victim's mother recalled that a man called the victim that night and told her to meet him by the water at the park, where the victim's body was later found. Additionally, an expert in cell tower analysis stated Johnson and the victim were both in the vicinity of the crime scene on the night of the victim's disappearance. Further, the State provided evidence that in the days following the murder, Johnson worked with his codefendant to dispose of the murder weapon. The day after the murder, Johnson texted the codefendant to ask where he worked and to tell him that he needed to ask him "something." Johnson later sent him a message telling him to "do it today." The codefendant subsequently searched the internet for how to report firearms missing and asked his coworker how to report a stolen gun. Finally, Johnson's internet search history tended to show Johnson was aware of the victim's death prior to the discovery of the body. *See* S.C. Code Ann. § 16-3-10 (2015) ("'Murder' is the killing of any person with malice aforethought, either express or implied."); *State v. Wilds*, 355 S.C. 269, 276, 584 S.E.2d 138, 141-42 (Ct. App. 2003) ("Malice is the wrongful intent to injure another and indicates a wicked or depraved spirit intent on doing wrong."); *id.* at 277, 584 S.E.2d at 142 ("The use of a deadly weapon gives rise to a permissive inference of malice."); *State v. Burdette*, 427 S.C. 490, 503-04, 832 S.E.2d 575, 583 (2019) ("[W]hen ruling on a defendant's motion for [a] directed verdict on the ground the State failed to prove the element of malice, a trial court may take into account the fact that the deed was done with a deadly weapon."); *Rogers*, 405 S.C. at 567, 748 S.E.2d at 272 ("Circumstantial evidence . . . gains its strength from its combination with other evidence, and all the circumstantial evidence presented in a case must be considered together to determine whether it is sufficient to submit to the jury."); *State v. Bennett*, 415 S.C. 232, 237, 781 S.E.2d 352, 354 (2016) ("[A]lthough the *jury* must consider alternative hypotheses, the *court* must concern itself solely with the existence or non-existence of evidence from which a jury could reasonably infer guilt.").

**AFFIRMED.**

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**