570 S.E.2d 522

**Ronald TATE, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 25531.

Supreme Court of South Carolina.

Submitted June 26, 2002.

Decided Sept. 30, 2002.

Assistant Appellate Defender Robert M. Dudek, of S.C. Office Appellate Defense, of Columbia, for Petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General B. Allen Bullard, Jr., and Assistant Attorney General William Bryan Dukes, all of Columbia, for Respondent.

JUSTICE WALLER:

Petitioner was convicted of murder, assault and battery with intent to kill (ABIK), attempted armed robbery, housebreaking, and grand larceny of a motor vehicle. He was sentenced to imprisonment for life for murder, twenty years for ABIK, twenty years for attempted armed robbery, five years for housebreaking, and ten years for grand larceny of a motor vehicle, the sentences to run consecutively. No direct appeal was taken.

Petitioner's application for post-conviction relief (PCR) was denied. This Court granted petitioner's request for a writ of certiorari to determine whether petitioner's trial counsel was ineffective in failing to object to the trial judge's presumption of malice charges. We find that counsel was ineffective and reverse the order of the PCR judge as to the ABIK charge.

## FACTS

Shortly before 4:00 a.m. on August 13, 1982, petitioner broke into Hack Motor Company and stole an automobile. He then drove to the Travel Inn Motor Lodge where sixty year old Jean DeBelli was working as the motel desk clerk. The owners of the motel, the Baileys, lived in an apartment behind the office. Petitioner entered the office of the motel, pulled out a gun, and stated to Mrs. DeBelli, Give me the money. Mrs. DeBelli refused, and petitioner stated, Please, please give me the money. When Mrs. DeBelli raised a pair of scissors she had in her hand, petitioner shot her in the chest. Mrs. DeBelli died from the gunshot wound.

Petitioner attempted to exit the motel, but discovered that the front door was locked. He then noticed the door to the Baileys' apartment and went up the steps towards that door in an attempt to exit the motel. At that point, fifteen year old Jimbo Bailey, who had heard yelling and a gunshot, opened the apartment door. Blitz, the Baileys' German shepherd, began barking and attacked petitioner, biting him on his leg. Petitioner fired a shot into the apartment which hit Jimbo in the back of the leg. Blitz was shot twice by petitioner.

Robert Bailey was awakened by the gunshots. He retrieved his pistol and went into the living room of the apartment where he saw a gun being pointed into the room. When Bailey yelled, Get the hell outta here, petitioner moved down the steps. Bailey then reached around the corner and fired his weapon into the office, hitting a vending machine. Petitioner moved back towards the apartment, and Bailey closed the apartment door. Petitioner then shot out the glass door of the motel office and exited the building. Bailey shot at petitioner as he drove away from the motel.

When petitioner was arrested, he stated that he did not mean for anyone to get hurt at the motel. In his statement, petitioner told police, they were just coming at me from everywheres [sic]. . . . I didn't know which way to go or what to do. Petitioner confessed to police and agreed to participate in a videotaped reenactment of the crimes at the motel.

The trial judge charged the jury on voluntary manslaughter, as a lesser included offense of murder, and assault and battery of a high and aggravated nature (ABHAN), as a lesser includ-

ed offense of ABIK. In his charge to the jury, the trial judge initially instructed the jury on express and implied malice as follows:

Now, malice is said to be express when there is manifested a violent, deliberate intention, unlawfully to take away the life of a human being. And malice is implied where one intentionally and deliberately does an unlawful act, which he then knows to be wrong and in violation of his duty to another, and where no excuse or legal provocation appeared.

Following the charge, the solicitor informed the judge that he did not believe a charge that malice may be implied from the use of a deadly weapon had been given. The trial judge erroneously indicated that he had given the charge. However, the jury was then called back into the courtroom, and the court reporter noted that one of petitioner's attorneys objected as giving undue emphasis. In his supplemental charge to the jury, the trial judge stated that [m]alice is implied and presumed from the use of a deadly weapon. After the charge, counsel did not object to the presumption of malice instruction.

After one and a half hours of deliberation, the jury asked for a definition of malice aforethought and ABIK. The trial judge again charged the jury that malice is presumed from the use of a deadly weapon. Following this charge, counsel stated, Your Honor, I wasn't in the courtroom when the presumption of malice was previously charged, ... but I believe we did enter an objection to that. We want that to continue. When the assistant solicitor indicated that he did not recall an objection, the trial judge stated, She noted it for the record.

The jury later asked for an explanation of murder and manslaughter. In that charge, the trial judge repeated the instruction that malice is presumed from the use of a deadly weapon. Later in the charge, the trial judge stated, Now, in speaking of implied malice, that's for the jury. The implication is to require the jury—does not require the jury to infer malice, but only permits it to consider it. When the jury foreman asked for the trial judge to review the portion of the charge about wicked heart, the judge repeated his malice

charge without including the language regarding the presumption of malice from the use of a deadly weapon.

■ On PCR, petitioner alleged that his trial counsel was ineffective in failing to object to the presumption of malice charges as erroneous burden shifting instructions. The PCR judge found that counsel noted a continuing objection to the malice charge.[1] In addition, the judge found that petitioner failed to show he was prejudiced by the charge.

## ISSUE

Was petitioner's trial counsel ineffective in failing to object to the presumption of malice charges?

## DISCUSSION

■ There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment in making all significant decisions in the case. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Cherry v. State,* 300 S.C. 115, 386 S.E.2d 624 (1989). In order to prove that counsel was ineffective, the applicant must show that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington, supra; Rhodes v. State,* 349 S.C. 25, 561 S.E.2d 606 (2002). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*

■ The State concedes that the trial judge's charges that malice is presumed from the use of a deadly weapon were unconstitutional burden shifting instructions. *See Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). Because the presumption of malice charges were erroneous

---

1. This finding is not supported by the record. *Ingle v. State,* 348 S.C. 467, 560 S.E.2d 401 (2002) (the PCR judge's findings will not be upheld if there is no probative evidence to support them). The only objection to the charge was one of undue emphasis made before the charge was given. Although counsel indicated after the presumption was charged for a second time that an objection had been made, counsel never objected to the charge on the ground that it unconstitutionally shifted the burden of proof.

charges to which counsel did not object on the ground that they constituted unconstitutional burden shifting instructions, counsel's performance was deficient. *Taylor v. State*, 312 S.C. 179, 439 S.E.2d 820 (1993) (counsel was deficient in failing to object to a jury charge which shifted the burden of proof to the defendant).

As to the PCR judge's finding that petitioner was not prejudiced by the malice charges, an unconstitutional burden shifting instruction is not reversible error if the error was harmless beyond a reasonable doubt. *Rose v. Clark*, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986); *Plyler v. State*, 309 S.C. 408, 424 S.E.2d 477 (1992). This Court must determine whether there is a reasonable likelihood that the jury applied the instruction in a way that violates the Constitution. *Boyde v. California*, 494 U.S. 370, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990); *State v. Aleksey*, 343 S.C. 20, 538 S.E.2d 248 (2000), *cert. denied*, 532 U.S. 1027, 121 S.Ct. 1974, 149 L.Ed.2d 766 (2001). An erroneous malice instruction is harmless if, based on all of the evidence presented to the jury, it did not contribute to the verdict. *Plyler v. State, supra.* In making this determination, the Court must review the evidence the jury considered in reaching its verdict and weigh the probative force of the evidence against the probative force of the presumption standing alone. *Arnold v. State*, 309 S.C. 157, 420 S.E.2d 834 (1992), *cert. denied*, 507 U.S. 927, 113 S.Ct. 1302, 122 L.Ed.2d 691 (1993).

Malice is the wrongful intent to injure another and indicates a wicked or depraved spirit intent on doing wrong. *State v. Kelsey*, 331 S.C. 50, 502 S.E.2d 63 (1998); *State v. Johnson*, 291 S.C. 127, 352 S.E.2d 480 (1987). It is the doing of a wrongful act intentionally and without just cause or excuse. *State v. Bell*, 305 S.C. 11, 406 S.E.2d 165 (1991), *cert. denied*, 502 U.S. 1038, 112 S.Ct. 888, 116 L.Ed.2d 791 (1992).

As to the shooting of Mrs. DeBelli, the jury need not have relied on the presumption of malice from the use of a deadly weapon in order to find that petitioner acted with malice in shooting Mrs. DeBelli. Petitioner shot Mrs. DeBelli when she refused to give him the money from the motel and threatened him with a pair of scissors. Although the trial judge instructed the jury on voluntary manslaughter, the

evidence did not support the charge. Mrs. DeBelli's attempt to resist or defend herself from a crime cannot satisfy the sufficient legal provocation element of voluntary manslaughter. *State v. Shuler*, 344 S.C. 604, 545 S.E.2d 805, *cert. denied*, —— U.S. ——, 122 S.Ct. 404, 151 L.Ed.2d 306 (2001). Therefore, the erroneous malice instructions were harmless with regard to the jury's consideration of voluntary manslaughter.

In addition, although petitioner indicated regret over killing Mrs. DeBelli, the evidence showed that the shooting was a wrongful act intentionally committed without just cause or excuse. *State v. Bell, supra.* Because all of the evidence showed that petitioner acted with malice in shooting Mrs. DeBelli, the erroneous presumption of malice charges did not contribute to the murder verdict.

However, there is a reasonable likelihood that the erroneous charges did affect the jury's consideration of the charges of ABIK and ABHAN for the shooting of Jimbo Bailey. ABIK is an unlawful act of violent injury to the person of another with malice aforethought, either express or implied. *State v. Sutton*, 340 S.C. 393, 532 S.E.2d 283 (2000). ABHAN is the unlawful act of violent injury to another accompanied by circumstances of aggravation. *State v. Fennell*, 340 S.C. 266, 531 S.E.2d 512 (2000). Circumstances of aggravation include the use of a deadly weapon, the intent to commit a felony, infliction of serious bodily injury, great disparity in the ages or physical conditions of the parties, a difference in gender, the purposeful infliction of shame and disgrace, taking indecent liberties or familiarities with a female, and resistance to lawful authority. *Id.* A defendant may be convicted of ABHAN regardless of whether malice is present. *Id.*

Absent the erroneous presumption of malice charges, the jury could have found petitioner guilty of ABHAN rather than ABIK for shooting Jimbo Bailey. The evidence of malice in that shooting was not overwhelming. In fact, according to petitioner's statement, he shot into the apartment when Blitz attacked him and was not shooting at Jimbo.

The State argues that petitioner was not prejudiced by the erroneous presumption of malice charges because the trial

judge adequately informed the jury of the State's burden of proof. The trial judge did instruct the jury that the State had the burden of proving guilt beyond a reasonable doubt in his original charge. However, the presumption of malice from the use of a deadly weapon was charged three times in the judge's supplemental instructions. The term reasonable doubt was mentioned only once in these supplemental instructions when the trial judge instructed the jury to resolve any doubt in favor of the lesser included offense. Therefore, the correct instructions on the State's burden of proof did not render the erroneous presumption of malice charges harmless.

The State further argues that the trial judge cured any error by charging the jury that the inference of malice was a question for the jury. The trial judge's instruction that there was an inference of malice which permits, but does not require, the jury to infer malice was not given immediately following the malice charges. In addition, the charge was given only once, whereas the erroneous presumption of malice charge was repeated three times. This charge did not cure the error in the presumption of malice charges.

## CONCLUSION

Because the presumption of malice instructions were erroneous burden shifting instructions which were not harmless error as to the ABIK charge, petitioner met his burden of proving that counsel was ineffective in failing to object to the instructions. Accordingly, the PCR judge's finding that counsel was not ineffective in failing to object to the instructions is reversed as to the ABIK conviction. *Ingle v. State, supra* (the PCR judge's findings will not be upheld if there is no probative evidence to support them). We affirm the order of the PCR judge as to the murder conviction.

AFFIRMED IN PART; REVERSED IN PART.

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.