THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Samuel Junior Hastings, Appellant.
 
 
 

Appeal From Oconee County
 J. C. Buddy Nicholson, Jr., Circuit Court Judge

Unpublished Opinion No. 2006-UP-247
Submitted May 1, 2006  Filed May 18, 2006

AFFIRMED

 
 
 
Robert Clyde Childs, III, of Greenville, for Appellant. 
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General David A. Spencer, Office of the Attorney General, all of Columbia; and Solicitor Christina Theos Adams, of Anderson, for Respondent. 
 
 
 

PER CURIAM:  Samuel J. Hastings appeals from his convictions on two counts of assault and battery of a high and aggravated nature.  Hastings challenges: (1) the admission of two bloodstained shirts, owned by one of the victims, which were not provided to him for inspection prior to trial; (2) admission of color photographs of a victims injuries; and (3) comments by the trial judge during sentencing, which Hastings maintains indicate improper consideration of his exercise of the rights to a jury trial and to testify in his own defense.  We affirm.[1] 
FACTS
On the night of August 31, 2003, a group of regulars were dancing at a bar known as Cadillac Ranch in Oconee County.  Hastings and his wife were at the bar, drinking and dancing.  One of the women testified that while she was dancing with friends, Hastings bumped into her repeatedly.  The woman noticed that Hastings appeared intoxicated, and his wife was attempting to pull him away.  The woman tapped Hastings on the shoulder and asked him to stop bumping her.  In response, Hastings grabbed the woman on the rear end with both hands, in full view of all of her friends.  
The woman told Hastings not to do it again and moved to another section of the dance floor.  Hastings then began bumping into another woman.  Hastings wife left the dance floor in frustration.  By then several bouncers had taken note of the situation, and Hastings was instructed to calm down and leave the dance floor.  Hastings began cursing and, in the ensuing confusion, he hit a woman in the face with his fist.  
The bouncers immediately sought to contain Hastings by forcing him to the floor and holding his arms and legs.  Hastings drew a knife and lunged at them several times.  As a result, one bouncer was cut several times on his stomach, and another received severe injuries to his leg which required emergency medical treatment and resulted in permanent scarring.  
A jury convicted Hastings on two counts of assault and battery of a high and aggravated nature.  The trial judge sentenced him to ten years suspended on service of four years and five years probation on both counts, to run concurrently.  This appeal follows. 
LAW/ANALYSIS
1.
Admission of the Bloody Shirts
 Hastings first argues that the trial judge erred in admitting into evidence two shirts one of the victims was wearing on the night the incident occurred.  The shirts were in the possession of the victim until the day of trial.  Hastings contends this evidence should have been suppressed because he was not allowed to inspect the shirts pursuant to Rule 5(a)(1)(C), SCRCrimP.  We find no reversible error. 
 Rule 5(a)(1)(C) of the South Carolina Rules of Criminal Procedure provides as follows: 

 Upon request of the defendant the prosecution shall permit the defendant to inspect . . . tangible objects . . . which are within the possession, custody or control of the prosecution, and which are material to the preparation of his defense or are intended for use by the prosecution as evidence in chief at the trial . . . .

 The trial judge may, among other things, suppress evidence at trial that has been withheld in violation of Rule 5.  Rule 5(d)(2), SCRCrimP.  The decision to admit evidence is within the sound discretion of the trial court, and may only be reversed on a finding of abuse of discretion. 
 State v. Adams, 354 S.C. 361, 377, 580 S.E.2d 785, 793 (Ct. App 2003).  Furthermore, any such abuse of discretion must result in prejudice to the defendant. 
 State v. Mansfield, 343 S.C. 66, 77, 538 S.E.2d 257, 263 (Ct. App. 2000).  
 At trial, the State sought to introduce an undershirt and outer shirt worn by one of the bouncers.  The shirts were cut and stained with blood.  Hastings, in discovery, had been provided with photographs of the shirts.  Counsel for Hastings objected on the ground that no blood could be seen on the shirts in photographs that had been provided in response to his Rule 5 request.  It is uncontested that the shirts were in the possession of the witness until the day of trial, but Hastings argued the items of clothing were under the control of the prosecution within the meaning of Rule 5(a)(1)(C), and therefore, the shirts should have been provided.  The trial judge denied Hastings motion to suppress based on his awareness of the existence of the shirts prior to trial.  
 Hastings argues on appeal that this ruling deprived him of the opportunity to do a blood test on the shirts.  In response, the State argues that evidence in the possession of a witness is not discoverable under Rule 5.  See State v. Gulledge, 326 S.C. 220, 226-27, 487 S.E.2d 590, 593 (1997) (finding no discovery violation where the evidence was in the possession of a third party corporation and thus not within the possession, custody or control of the prosecution).  This rule, however, should not be used as a vehicle for avoiding discovery by the prosecution.  In Gulledge, the records were voluminous and some confusion occurred as to who was to copy the records.  Id. at 225-26, 487 S.E.2d at 592-93.  
 This case is quite different, as the shirts could easily have been provided.  The State certainly had access to the shirts, as evidenced by the photographs it furnished to counsel for Hastings.  We find the shirts were within the control of the State.
 The State further argues that its open file policy satisfied the inspection requirement.  See State v. Newell, 303 S.C. 471, 475-76, 401 S.E.2d 420, 423 (Ct. App. 1991).  Because all agree the shirts were not in the prosecutions possession, however, a search of the file would not have discovered the shirts.  
 The better practice would have been for the State to turn over the evidence.  We find no reversible error because Hastings cannot show prejudice as a result of admission of the shirts.  This evidence was merely cumulative of other evidence, such as the pictures of the bouncers stomach and the testimony of the bouncer, his wife, and other witnesses.  Moreover, because Hastings had photographs of the shirts, he must bear some responsibility in failing to request an opportunity to inspect the shirts.  In any event, any error was surely harmless due to the weight of the evidence adduced at trial.  State v. Reeves, 301 S.C. 191, 194, 391 S.E.2d 241, 243 (1990) (Error is harmless when it could not reasonably have affected the result of the trial.).  
 2. Color Photograph of the Victims injuries
 Hastings next argues that color photographs of the injuries to the other bouncers legs should have been suppressed under Rule 403, SCRE, because they were more prejudicial than the black and white photographs.  We disagree. 
 It is well settled that evidence should be excluded when its probative value is outweighed by its prejudicial effect.  State v. Kelley, 319 S.C. 173, 177, 460 S.E.2d 368, 370 (1995).  The determination of the relevancy and materiality of a photograph is left to the sound discretion of the trial judge.  Id.  Moreover, a trial judges considerable latitude in so ruling will not be disturbed absent a showing of probable prejudice.  State v. Kornahrens, 290 S.C. 281, 288, 350 S.E.2d 180, 185 (1986).  To constitute unfair prejudice, the photographs must create a tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one.  State v. Rosemond, 335 S.C. 593, 597, 518 S.E.2d 588, 590 (1999).  
 In the instant case the photographs had some probative value as to the jurys consideration of the greater offense of assault and battery with intent to kill and the lesser included offense of assault and battery of a high and aggravated nature.  Tate v. State, 351 S.C. 418, 427, 570 S.E.2d 522, 527 (2002) (holding that ABHAN is the unlawful act of violent injury to another accompanied by circumstances of aggravation, such as use of a deadly weapon).  The trial found that the color photographs depicted the wounds better than the black and white ones did.  We find no abuse of discretion in admitting the photographs.  See, e.g., State v. Fletcher, 363 S.C. 221, 257-259, 609 S.E.2d 572, 591-92 (Ct. App. 2005) (finding no abuse of discretion in the admission of graphic post-mortem photographs because they were necessary to depict the severity of the injuries and the discoloration of the bruises); State v. Jarrell, 350 S.C. 90, 106-107, 564 S.E.2d 362, 371 (Ct. App. 2002) (upholding the admission of graphic autopsy photographs because they corroborated testimony and demonstrated the extent of the injuries).  
 3. Trial Judges Comments during Sentencing 
 Hastings submits two final arguments, both of which derive from the trial judges comments during sentencing.  Hastings did not lodge any contemporaneous objections.  Accordingly, these issues are not preserved for review.  State v. Garner, 304 S.C. 220, 222, 403 S.E.2d 631, 632 (1991) (holding that sentencing issues must be raised at trial to be preserved for appeal).  
 CONCLUSION
 We find that the admission of the victims shirts did not constitute reversible error as no prejudicial harm to defendant resulted.  We further find no abuse of discretion in the admission of the color photographs of the victims injuries.  Hastings arguments as to sentencing are not preserved for review.  Therefore, the convictions are 
 AFFIRMED.
 KITTREDGE, SHORT, and WILLIAMS, JJ., concur.  

[1]        We decide this case without oral argument pursuant to Rule 215, SCACR.