**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Reginald Clea, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2010-153666

———————————

**ON WRIT OF CERTIORARI**

———————————

Appeal From Sumter County
G. Thomas Cooper, Jr., Post-Conviction Relief Judge

———————————

Memorandum Opinion No. 2012-MO-052
Submitted October 30, 2012 – Filed December 12, 2012

———————————

**AFFIRMED**

———————————

James B. Richardson, Jr., of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Megan Elizabeth Harrigan, all of Columbia, for Respondent.

———————————

**PER CURIAM:**  A jury convicted Reginald Clea ("Petitioner") of murder and possession of a weapon during the commission of a violent crime.  Petitioner was acquitted of a second murder charge.  He was sentenced to thirty years' imprisonment for murder and a concurrent sentence of five years for the weapon charge.  The Court of Appeals affirmed Petitioner's convictions and sentences. *State v. Clea*, Op. No. 2007-UP-552 (S.C. Ct. App. filed Dec. 14, 2007).

Subsequently, Petitioner filed an application for Post-Conviction Relief ("PCR") on the ground his appellate counsel was ineffective for failing to challenge the trial judge's refusal to give a requested charge, which stated that the inference of malice from the use of a deadly weapon is rebuttable.  The PCR judge denied Petitioner's application.  This Court granted a writ of certiorari to review the PCR judge's decision.

We affirm the PCR judge's order pursuant to Rule 220(b)(1), SCACR, and the following authorities:  *Southerland v. State*, 337 S.C. 610, 616, 524 S.E.2d 833, 836 (1999) (recognizing that a defendant, who contends appellate counsel rendered ineffective assistance by failing to argue an issue, must show that the failure to raise the issue was objectively unreasonable and that, but for this failure, the defendant's conviction or sentence would have been reversed (citing *People v. Griffin*, 687 N.E.2d 820 (Ill. 1997)); *State v. Belcher*, 385 S.C. 597, 611, 685 S.E.2d 802, 809 (2009) (noting error in charging that malice may be inferred by the use of a deadly weapon may be considered harmless where there is overwhelming evidence of malice apart from the use of a deadly weapon); *Tate v. State*, 351 S.C. 418, 426, 570 S.E.2d 522, 527 (2002) ("Malice is the wrongful intent to injure another and indicates a wicked or depraved spirit intent on doing wrong.  It is the doing of a wrongful act intentionally and without just cause or excuse." (citations omitted)); *Id.* (concluding evidence of malice existed apart from the use of a deadly weapon where defendant shot and killed the victim, a motel desk clerk, when she refused to give him money from the motel and threatened the defendant with a pair of scissors); 40 C.J.S. *Homicide* § 46 (Supp. 2012) ("[M]alice may be implied when no considerable provocation appears or when all circumstances of the killing show an abandoned and malignant heart.  The fact that cruelty or brutality was manifested in the killing will raise an inference of malice . . . ." (footnote omitted)); *Suber v. State*, 371 S.C. 554, 558-59, 640 S.E.2d 884, 886 (2007) (holding that this Court will uphold the findings of the PCR judge when there is any evidence of probative value to support them, and will reverse the decision of the PCR judge when it is controlled by an error of law).

**AFFIRMED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**