# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Jacques Gibson, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2014-001074

---

## ON WRIT OF CERTIORARI

---

Appeal From Richland County
The Honorable Diane Schafer Goodstein, Post-
Conviction Relief Judge

---

Opinion No. 27636
Submitted April 25, 2016 – Filed May 11, 2016

---

### REVERSED

---

Tricia A. Blanchette, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant
Attorney General James Clayton Mitchell, III, both of
Columbia, for Respondent.

---

**PER CURIAM:** Petitioner was convicted of murder and unlawful possession of a
pistol by a person under the age of twenty-one. He now seeks a writ of certiorari
from the denial, after a hearing, of his application for post-conviction relief (PCR).

We grant the petition on petitioner's Question III, dispense with further briefing, reverse the order of the PCR judge, and grant petitioner a new trial on the murder charge. The petition for a writ of certiorari is denied on the remaining questions.

The evidence presented at trial showed that a fight occurred between two groups at a bar. Following the initial confrontation, petitioner's brother, Adams, called petitioner to request a ride home.[1] Shortly after petitioner arrived to pick up Adams, the dispute that began inside the bar spilled out into the parking lot and became a physical altercation between numerous members of each group. During the melee, several gunshots were heard, and the victim was killed by a single nine-millimeter shot to the back of his shoulder.

There was evidence, including a statement petitioner gave to police, that petitioner retrieved his gun from his car, pointed his gun at another person he suspected was going to hit Adams, and subsequently fired his gun into the air three to four times as he drove away from the scene. When asked whether he believed he may have shot the victim, petitioner responded, "I think that I did, because I was doing some shooting, but I didn't just look at him and shoot him. . . . the gun could have dropped down because I was driving. I promise I don't remember seeing him and aiming."

One witness, Shunta Wilson, testified Adams walked over to petitioner's car, sat in the driver's seat, reached under it, and pulled out what she recognized as a small caliber handgun, either a .22 or .25. Wilson maintained Adams was the only person she saw with a gun. Wilson identified Adams as wearing jeans and a black t-shirt; however, other witnesses and evidence presented at trial showed petitioner was wearing a black t-shirt and Adams wore a white t-shirt. The evidence did not provide a clear picture of who fired a weapon or how many shots were fired.

The trial judge charged the jury, in part, as follows:

> Both defendants in this case have been charged with the offense of murder. The State has to prove beyond a reasonable doubt that the defendant charged killed another person with malice aforethought. Malice: that's hatred, ill will, hostility towards another person. It's the intentional doing of a wrongful act without just cause or excuse and with an intent to inflict an

---

[1] Adams was tried with petitioner and was also convicted of murder. His application for PCR was granted on the ground that trial counsel was ineffective in failing to object to the erroneous jury charge on the inference of malice from the use of a deadly weapon. This Court denied the State's petition for a writ of certiorari to review the PCR order in Adams' case.

injury or under such circumstances that the law would infer an evil intent.

Now, malice aforethought does not require that the malice exist for any particular time before the act was committed, but malice has to exist in the mind of the defendant just before and at the time the act was committed. Therefore, there has to be that combination of the previous evil intent and the act.

Now, malice aforethought can either be express or inferred. Express means that malice is shown when a person speaks words with express hatred or ill will for another or the person prepared beforehand to do the act which was later accomplished. Malice can be inferred from conduct showing a total disregard for human life. Inferred malice may also arise when the deed is done with a deadly weapon. A deadly weapon is any article, instrument, or substance which is likely to cause death or great bodily harm. Whether an instrument has been used as a deadly weapon depends upon the facts and circumstances of each case.

I'll just give you some examples of deadly weapons. There's [sic] a lot of them, and I'm not -- this is obviously not an exhaustive list. It could be a knife, a dagger, a slingshot, metal knuckles, a rifle, a shotgun, a pistol, a razor, gasoline. Any number of things that you determine from the facts would be a deadly weapon.

Trial counsel objected to the charge as a comment on the facts, but did not object to the trial judge's failure to use the permissive inference language approved in *State v. Elmore,* 279 S.C. 417, 308 S.E.2d 781 (1983), *overruled on other grounds by State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315 (1991). In her closing argument, the solicitor twice stated, "Malice may be inferred from the use of a deadly weapon alone."

Petitioner contends trial counsel was ineffective in failing to object to the charge that malice may be inferred from the use of a deadly weapon on the ground that the charge did not include the permissive inference language approved by this Court in *Elmore*.

The PCR judge found that the charge given was, as a whole, a proper statement of law, despite the lack of the permissive inference language suggested in *Elmore*, and did not constitute impermissible burden shifting. The judge relied on the phrases "can be inferred," "may arise," and "depends on the facts and circumstances of each case" in finding the charge was not erroneous. In addition, the PCR judge found the jury was explicitly instructed on the State's burden of proof. Finally, the judge found that the result of the trial would have been no different had trial counsel objected to the implied malice charge since the use of a deadly weapon was not the only evidence of malice. We disagree and reverse the order of the PCR judge on this issue.

In *Elmore*, this Court stated:

> We suggest the following charge:
>
>> The law says if one intentionally kills another with a deadly weapon, the implication of malice may arise. If facts, [sic] are proved beyond a reasonable doubt, sufficient to raise an inference of malice to your satisfaction, this inference would be simply an evidentiary fact to be taken into consideration by you, the jury, along with other evidence in the case, and you may give it such weight as you determine it should receive.
>>
>> We caution the bench, [sic] that hereafter only slight deviations from this charge will be tolerated.

In *State v. Belcher*, 385 S.C. 597, 685 S.E.2d 802 (2009), this Court referred to the first sentence of the *Elmore* charge as the standard implied malice charge and the second sentence as the permissive inference charge. The Court stated in a footnote that "[t]he standard implied malice charge remains valid, as does the general permissive inference instruction." *Id.*

The charge given by the trial judge in this case clearly deviates from the suggested *Elmore* charge as it does not contain the permissive inference language. Although the PCR judge refers to the fact that *Elmore* merely suggested the language, this ignores the provision in *Elmore* indicating that "only slight deviations from this charge will be tolerated." The complete omission of the permissive inference language is not a "slight deviation" that would be permissible under *Elmore*.

The "depends upon the facts and circumstances of each case" language cited by the PCR judge is contained in the charge on whether an instrument has been used as a

deadly weapon, not in the charge on the inference of malice.  Therefore, this does not cure the error in omitting the permissive inference instruction.

Because the charge was erroneous, the PCR judge erred in finding trial counsel was not deficient for failing to object to the malice charge.  *Tate v. State*, 351 S.C. 418, 570 S.E.2d 522 (2002), *overruled on other grounds by State v. Belcher*, *supra* (counsel was deficient in failing to object to a malice charge that shifted the burden of proof to the defendant); *McCray v. State*, 317 S.C. 557, 455 S.E.2d 686 (1995) (this Court must affirm the rulings of the PCR judge if there is any evidence to support the decision).

In determining whether petitioner was prejudiced by trial counsel's deficient performance, this Court must decide whether the erroneous malice instruction contributed to the verdict based on all the evidence presented to the jury.  *Rose v. Clark*, 478 U.S. 570 (1986); *Plyler v. State*, 309 S.C. 408, 424 S.E.2d 477 (1992).  The Court must weigh the significance of the presumption to the jury against the other evidence of malice considered by the jury without the erroneous malice charge.  *Lowry v. State*, 376 S.C. 499, 657 S.E.2d 760 (2008).

In this case, the PCR judge erred in finding there was evidence of malice other than the use of a deadly weapon.  *State v. Fennell*, 340 S.C. 266, 531 S.E.2d 512 (2000) (malice is hatred, ill-will, or hostility toward another person; a wrongful intent to injure another person indicating a wicked or depraved spirit intent on doing wrong; a formed purpose and design to do a wrongful act without legal justification or excuse); *State v. Harvey*, 220 S.C. 506, 68 S.E.2d 409 (1951) *overruled on other grounds by State v. Torrence*, *supra* (as used in the description of murder, malice does not necessarily import ill-will toward the individual injured, but signifies a general malignant recklessness toward the lives and safety of others, or a condition of the mind that "shows a heart regardless of social duty and fatally bent on mischief.").  Although the State argued petitioner received a phone call from his brother, who knew petitioner had a gun, to come to the bar, the only evidence of petitioner shooting the gun indicated he shot his weapon in the air after other shots were fired.  Petitioner admitted in one of his statements that it was possible his gun "may have dropped down" toward the victim while he was driving away and shooting in the air; however, this is not overwhelming evidence of malice.  Because there was little evidence of malice aside from the use of a gun, the PCR judge erred in finding petitioner was not prejudiced by trial counsel's failure to object to the charge on the inference of malice from the use of a deadly

weapon.  Accordingly, we reverse the order of the PCR judge and grant petitioner a new trial on the murder charge.

**REVERSED.**

**PLEICONES, C.J., BEATTY, KITTREDGE and HEARN, JJ., concur.  FEW, J., not participating.**